McGREGOR W. SCOTT
United States Attorney
JUSTIN L. LEE
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
(916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JONATHAN DARLING,<br><br>Defendant. | 2:18-MJ-00089-CKD<br><br>STIPULATION AND ORDER CONTINUING PRELIMINARY HEARING DATE<br><br>Judge: Hon. Deborah Barnes |

## STIPULATION

The United States, by and through its undersigned counsel, and the defendant, by and through his counsel of record, hereby stipulate as follows:

1. By prior order, this matter is set for Preliminary Hearing on April 5, 2019.
2. By this Stipulation, the parties now move to continue the Preliminary Hearing until May 30, 2019, at 2:00 p.m.
3. The defendant made his initial appearance on May 16, 2018, and the preliminary hearing was set for May 30, 2018. At the request of the parties, the preliminary hearing has been continued five times. This stipulation is the sixth request to continue the preliminary hearing.
4. The defendant is presently in custody pending trial in this matter.

5. The parties have discussed potential pre-indictment resolution of this matter. The parties need further time to discuss this matter, discuss any potential consequences, and to allow counsel for the defendant reasonable time necessary for preparation and further investigation.

6. Further, counsel for the defendant wants to explore medical examination of the defendant that may bear on the potential charges in this case.

    a. On July 6, 2018, the parties conferred regarding the defense investigation into the medical examination. Defense counsel informed the United States that defense counsel needs further time for the defendant to receive a medical evaluation.

    b. On September 12, 2018, the parties conferred regarding the status of the medical examination. Counsel for the defendant relayed to the United States that counsel is still in the process of gathering necessary medical records and obtaining a doctor to conduct neurological and psychological examinations.

    c. On October 22, 2018, the parties conferred regarding the status of the medical examination. Counsel for the defendant conveyed that she has gathered all of the necessary medical records and has requested funding for a neuropsychological examination. Counsel for the defendant advised that the examination and review of records will likely not be completed until January 2019.

    d. On January 14 and 18, 2019, the parties conferred regarding the status of the in-person neuropsychological medical examination. Counsel for the defendant advised that the examination has not yet been conducted owing to the backlog of patients pending examination by the examining doctor. Counsel for the defendant contacted the doctor's office and was advised that the examination and follow-up report would be completed within six weeks.

    e. On March 13, 2019, the parties conferred regarding the status of the case. Defense counsel conveyed that she is waiting on receipt of the medical

examination report and that she will need time to review the medical examination report once she has received it.  Further, the parties have discussed the terms of a proposed resolution.  The proposed terms require further investigation by defense counsel.  Defense counsel has engaged the services of a defense investigator.  The defense investigation is on-going.

7. The defendant understands that pursuant to 18 U.S.C. § 3161(b), "any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested."  Time may be excluded under the Speedy Trial Act if the Court finds that the ends of justice served by granting such a continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).  The parties jointly move to exclude time within which any indictment or information shall be filed from the date of this order, through and including May 30, 2019, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), because failure to do so would "deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence."

8. Good cause exists under Rule 5.1(d) of the Federal Rules of Criminal Procedure.

**IT IS SO STIPULATED.**


DATED: March 14, 2019           /s/ Justin L. Lee
                                JUSTIN L. LEE
                                Assistant U.S. Attorney

DATED: March 14, 2019           /s/ Jennifer Mouzis
                                JENNIFER MOUZIS
                                Attorney for Jonathan Darling
                                (as authorized on March 14, 2019)

**ORDER**

IT IS SO FOUND AND ORDERED,

Dated: March 14, 2019

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE